# EXHIBIT "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and effective as of May 31, 2018 (the "Agreement Execution Date") by and among Charlotte Bulgajewski ("Plaintiff" or "Named Plaintiff"), the Settlement Class (defined below) and Defendant R.T.G. Furniture Corp., along with RTG Furniture Corp. of Georgia; RTG Furniture of Texas, L.P.; Rooms To Go North Carolina Corp.; Rooms To Go Louisiana Corp.; Rooms To Go Alabama Corp.; Rooms To Go Mississippi Corp.; Rooms To Go Tennessee Corp.; Roomstogo.com, Inc.; Retail Management Services Corp. ("RTG")[1] (the "Settlement Agreement" or the "Agreement").

### RECITALS

1.  On August 16, 2017, Plaintiff initiated a putative class action in the Circuit Court in and for Hillsborough County, Florida, captioned *Charlotte Bulgajewski v. R.T.G. Furniture Corporation*, alleging violations of section 1681b(b)(2) of the Fair Credit Reporting Act ("the Action").

2.  On August 21, 2017, Plaintiff filed an amended complaint in the Circuit Court in and for Hillsborough County, Florida.

3.  On September 19, 2017, the action was removed to the United States District Court for the Middle District of Florida, which was assigned Case No. 8:17-cv-2166.

4.  On September 26, 2017, the answer to the amended complaint was filed.

5.  The parties participated in discovery, including the exchange of written discovery, including interrogatories and requests for production. Additionally, Plaintiff was deposed on January 15, 2018 in Tampa, Florida.

6.  On February 20, 2018, the parties attended a full-day mediation session in Orlando with mediator Carlos Burruezo (the "Mediator"). The parties reached a complete resolution during the mediation, subject to Court approval.

7.  RTG, denying wrongdoing of any kind whatsoever and denying the allegations in the Action, has agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of litigation, and to be completely free of further participation in the Action and any further controversy with respect to the Released Claims (defined below).

---

[1] The term "RTG" is used herein solely as a matter of drafting convenience. Nothing herein shall be construed as an admission that any entity participated in or is responsible for any of the conduct alleged in this case.

NOW THEREFORE, in consideration of the mutual promises and covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby agreed as follows:

## I.    DEFINITIONS

A.    The following terms shall have the meanings set forth below:

1.    "Action" means the lawsuit captioned *Charlotte Bulgajewski v. R.T.G. Furniture Corporation*, Case No. 8:17-cv-2166, in the United States District Court for the Middle District of Florida.

2.    "Claimant" means a Settlement Class Member who does not submit a timely and valid request for exclusion from the Settlement Class by the Opt-Out Deadline in accordance with the provisions of the Preliminary Approval Order, and submits a timely and valid Claim Form in the form attached hereto as **Exhibit E.**

3.    "Claims Deadline" means the deadline by which a Settlement Class Member who wishes to receive Settlement Consideration must submit a properly executed Claim Form, which deadline shall be 30 days after the Fairness Hearing.

4.    "Class Notice" means the notice of the terms of the proposed Settlement as approved by the Court.

5.    "Class Counsel" means the following individuals:

Marc R. Edelman
medelman@forthepeople.com
**MORGAN & MORGAN**
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

C. Ryan Morgan
rmorgan@forthepeople.com
**MORGAN & MORGAN**
P.O. Box 4979
Orlando, FL 33802
Telephone: (407) 420-1414

Andrew Frisch
afrisch@forthepeople.com
**MORGAN & MORGAN**
600 North Pine Island Road, Suite 400

Plantation, Florida 33324
Telephone: (954) 318-0268

6.    "Complaint" means the Amended Class Action Complaint and Demand for Jury Trial filed on August 21, 2017 in the Action.

7.    "RTG's Counsel" means the following individuals:

Corey Lee
leec@hunton.com
**HUNTON & WILLIAMS LLP**
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500

Robert T. Quackenboss
Cullan E. Jones
rquackenboss@hunton.com
cjones@hunton.com
**HUNTON & WILLIAMS LLP**
2200 Pennsylvania Ave., NW
Washington, DC 20037
Telephone: (202) 309-1316

Frank M. Lowrey IV
Chad K. Lennon
lowrey@bmelaw.com
clennon@bmelaw.com
**BONDURANT, MIXSON & ELMORE LLP**
One Atlantic Center
1201 West Peachtree Street NW, Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4100

8.    "Class Period" means the time period from August 16, 2015 through January 31, 2018.

9.    "Effective Date" means the fifth business day after which the last of *all* of the following events and conditions contained in (a) through (e) below have been met or have occurred or have been mutually waived by written agreement of the parties to this Agreement pursuant to Section IX.D below:

(a)    All parties and their counsel have executed this Agreement;

(b)    The Court has certified the Settlement Class defined herein;

(c)    The Court has entered an Order (which shall be substantially in the form of **Exhibit A** attached hereto) issuing its Preliminary Approval (as defined herein) of this Agreement, the Settlement set forth herein, and approving the method for providing notice to the Settlement Class;

(d)    The Court has entered a Final Approval Order and Judgment (which shall be substantially in the form of **Exhibit B** attached hereto) approving this Agreement, including all settlement considerations as set forth in this Agreement, releasing the Released Persons from the Released Claims, and dismissing the Action and all claims asserted therein, with prejudice as to all Settlement Class Members who do not submit a timely and valid request for exclusion from the Settlement Class; and

(e)    The time for appeal from the Final Approval Order and Judgment has expired, or if any appeal of the Final Approval Order and Judgment is taken, the appeal has been finally determined, including any motions for reconsideration, petitions for rehearing and/or petitions for writ of certiorari, such that the Final Approval Order and Judgment is not subject to further adjudication or appeal, and the Settlement has been affirmed on appeal or review without material change.

10.    "Fairness Hearing" means the hearing at or after which the Court will make a final decision whether to approve this Agreement and the Settlement set forth herein as fair, reasonable, and adequate.

11.    "Final Approval and Judgment" means the Order of final approval and judgment entered by the Court in substantially the form of **Exhibit B** attached hereto.

12.    "Notice Date" means the date by which the Settlement Administrator must commence transmitting Class Notice, which date shall be no later than 30 days after entry of the Preliminary Approval Order.

13.    "Objection Deadline" means the deadline for any objection to be postmarked or deposited with the overnight delivery service or hand delivered to the Court and to Class Counsel and RTG's Counsel, which deadline shall be 60 days after the Notice Date.

14.    "Opt-Out Deadline" means the deadline for a Settlement Class Member who wishes to be excluded from the settlement to mail a request for exclusion to the Settlement Administrator, which deadline shall be 60 days after the Notice Date.

15. "Person" means any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

16. "Preliminary Approval" shall mean the Court's entry of an Order (the "Preliminary Approval Order") substantially in the form of **Exhibit A** attached hereto, approving the timing, content, and manner of the Class Notice, certifying the Class for settlement purposes, preliminarily approving this Agreement and the terms of Settlement contained herein.

17. "Released Claims" means and includes any and all claims, damages, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses, losses, or remedies of whatever kind or nature, whether foreseen or unforeseen, and whether known or unknown, that were or could have been asserted in the Action including, without limitation, claims based on, arising out of, or related directly or indirectly to any of the allegations, transactions, facts, matters or occurrences referenced in any complaints filed in the Action, including without limitation any and all claims (i) under the Fair Credit Reporting Act or any similar state or federal law or any common law doctrine protecting consumer information or privacy (ii) arising from any application for employment or any background check or consumer report obtained for employment purposes by RTG and its affiliates during the Class Period. The Released Claims include any right or opportunity to claim, seek, or obtain restitution, disgorgement, injunctive relief, or any other benefit. However, "Released Claims" do not include any claims pursuant to 15 U.S.C. § 1681b(b)(3) of the Fair Credit Reporting Act, requiring individuals subject to an adverse employment action, based in whole, or in part, on their consumer report, be provided a copy of the consumer report and a summary of their rights under the FCRA.

18. "Released Persons" means and includes R.T.G. Furniture Corp., RTG Furniture Corp. of Georgia; RTG Furniture of Texas, L.P.; Rooms To Go North Carolina Corp.; Rooms To Go Louisiana Corp.; Rooms To Go Alabama Corp.; Rooms To Go Mississippi Corp.; Rooms To Go Tennessee Corp.; Roomstogo.com, Inc.; Retail Management Services Corp., and their past and present direct and indirect owners, parents, subsidiaries, affiliates, and divisions; the past and present officers, directors, trustees, beneficiaries, members, shareholders, employees, representatives, partners, direct and indirect owners, parents, subsidiaries, affiliates, divisions, joint venturers, consultants, agents, independent contractors, attorneys, and insurers of

5

all of the foregoing; and the predecessors, successors, assigns, and legal representatives of all of the foregoing.

19.    "Releasing Persons" means the Named Plaintiff, each Settlement Class Member who does not submit a timely and valid request for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, attorneys (including, but not limited to, Class Counsel), or other representatives.

20.    "Settlement" means the settlement into which the parties have entered to resolve the Action. The terms of the Settlement are as set forth in this Agreement, as may be amended pursuant to its terms.

21.    "Settlement Administrator" means KCC, LLC. If for any reason the Settlement Administrator is unable to fulfill adequately the responsibilities of a settlement administrator, RTG shall select a different settlement administrator, subject to approval by the Court.

22.    "Settlement Class" means all persons as to whom RTG (including its affiliates) procured a background check, including a consumer report, in conjunction with an application for employment, promotion, or job change within the Class Period of August 16, 2015 through January 31, 2018.

23.    "Settlement Class Member(s)" or "Member(s)" means any Person who is included within the definition of the Settlement Class.

24.    "Settlement Consideration" means the consideration available to Claimants (as defined in section III.A below).

25.    "Settlement Website" means the website that the Settlement Administrator will use as a means for Settlement Class Members to obtain notice of and information about the Settlement, through and including hyperlinked access to the Preliminary Approval Order, this Agreement and all exhibits hereto, the notices approved by the Court; a toll-free number to call for information; and a portal through which Settlement Class Members may submit Claim Forms.

## II.    CERTIFICATION OF PLAINTIFF SETTLEMENT CLASS

A.     The parties stipulate to certification of the Settlement Class as defined in Section I.A.22 above solely for purposes of effectuating this Settlement; stipulate to the appointment of the Named Plaintiff as representative of the Settlement Class (the "Class Representative"); and stipulate to the appointment of Class Counsel as counsel for the Settlement Class. The parties agree to cooperate in the preparation of such moving papers as the Court shall require to effectuate certification of the Settlement Class for settlement purposes; provided, however, that no party shall be obligated to change any term of this Settlement.

B.     Certification of the Settlement Class and appointment of the Class Representatives and Class Counsel by the Court shall be binding only with respect to the settlement of the Action. In the event the Effective Date for any reason does not occur, the certification of the Settlement Class and appointment of Class Representatives and Class Counsel shall be vacated, the parties' stipulations shall be voided, and the Action shall proceed as though the certification and appointments had never occurred.

C.     Upon execution of this Agreement by all parties, Class Counsel shall move the Court for an Order granting Preliminary Approval of this Settlement in accordance with the schedule set by the Court.

## III.  SETTLEMENT RELIEF

In consideration for the release of the Released Claims, the termination and dismissal of the Action, and in full and final settlement of all claims by all Settlement Class Members who do not submit a timely and valid request for exclusion from the Settlement Class by the Opt-Out Deadline in accordance with the provisions of the Preliminary Approval Order, the parties hereto agree that the Order of Final Approval and Judgment shall order the following relief:

A.     Settlement Consideration

Each Settlement Class Member who does not submit a timely and valid request for exclusion from the Settlement Class by the Opt-Out Deadline in accordance with the provisions of the Preliminary Approval Order, and submits a timely and valid Claim Form by the Claims Deadline (a "Claimant") will receive Settlement Consideration of Fifty-Five Dollars ($55.00). Within 45 days of the Effective Date, the Settlement Administrator will mail a check to each Claimant. Checks shall be valid for 120 days. Any checks that are not deposited or cashed within 120 days from the issue date will be cancelled, the Claimant will not receive any Settlement Consideration, and RTG will retain the funds represented by the check.

## IV.  NOTICE TO THE SETTLEMENT CLASS, REQUESTS FOR EXCLUSION, OBJECTIONS, SUBMISSION OF CLAIMS AND ADMINISTRATION OF THE SETTLEMENT

A.    Class Notice

1.      Subject to the approval of the Court and no later than the Notice Date, the Settlement Administrator shall commence transmitting the Class Notice in substantially the same form as **Exhibit C** attached hereto by postcard (single card) through U.S. Mail to the last known address (updated through NCOA or comparable means) to Settlement Class Members.

2.      The Settlement Administrator shall establish a Settlement Website no later than the Notice Date.  The Class Notice provided to Settlement Class Members as set forth in paragraph IV.A.1 shall inform Settlement Class Members of the Settlement Website, on which a notice in substantially the same form as **Exhibit D** shall be posted.  The Settlement Website shall set forth class member rights and options, settlement and claim deadlines, frequently asked questions, settlement terms, the Complaint, and a portal for the electronic submission of claims.

3.      RTG shall pay all costs associated with preparing and disseminating the Class Notice in the manner described above.  The costs of preparing and disseminating the Class Notice, including the Settlement Website, is preliminarily estimated to exceed $30,000.

4.      RTG shall bear the cost of notice to appropriate federal and state officials as required by the Class Action Fairness Act of 2005 ("CAFA Notice").  Either the Settlement Administrator or RTG, at its election, shall provide the CAFA Notice to the appropriate federal and state officials.

B.    Requests for Exclusion

1.      A Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written request for exclusion to the Settlement Administrator, which written request must be postmarked no later than the Opt-Out Deadline, and shall clearly include the following: (a) the Settlement Class Member's name; (b) physical address; (c) phone number; and (d) the unique identifier that was included on the Class Notice sent to that Settlement Class Member; and (e) all further information as requested by the Settlement Administrator.  In addition, the Settlement Class Member requesting exclusion shall include a signed certification containing the following language:

> I hereby request to be excluded from the settlement in *Bulgajewski v. RTG Furniture Corporation*, Case No.: 8:17-cv-2166, and understand that I will not

be entitled to receive any proceeds from the settlement.

2.   A request for exclusion must contain the Settlement Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Settlement Class Member with respect to a claim or right such as those in this litigation (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid).

3.   Any exclusion requests must be submitted individually for each Settlement Class Member and signed by the person to be excluded.  No person shall purport to exercise any exclusion rights of any other person, or purport (a) to exclude Settlement Class Members as a group, aggregate, or class involving more than one Settlement Class Member; or (b) exclude more than one Settlement Class Member on a single paper, or as an agent or representative; any such purported exclusion requests shall be void, and the Settlement Class Member(s) that is or are the subject of such purported exclusion shall be treated as a Settlement Class Member and a Releasing Person.

4.   Any Settlement Class Member who submits a timely and valid request for exclusion as set forth above shall not be bound by the Settlement or the Final Approval and Judgment.

5.   Upon receipt, the Settlement Administrator shall promptly provide copies of each request for exclusion to Class Counsel and Counsel for RTG.  No later than 5 days after the Opt-Out Deadline, the Settlement Administrator shall provide a final report to Class Counsel and Counsel for RTG summarizing the total number of exclusion requests received.

6.   At or before the Fairness Hearing, Class Counsel shall file a list reflecting all requests for exclusions under seal pursuant to the Stipulated Protective Order.

7.   Any Settlement Class Member who does not mail a timely and valid request for exclusion as set forth above shall be automatically included in the Settlement Class and as a Releasing Person, and shall be bound by all the terms and provisions of the Settlement and this Agreement and the Court's subsequent orders and judgments, whether or not such Settlement Class Member received actual notice or objected to the Settlement and whether or not such Settlement Class Member submits a Claim Form or otherwise participates in the Settlement or settlement approval process.

C.     Claims Submission

1.     To be eligible to receive Settlement Consideration, a Settlement Class Member must submit a timely and valid Claim Form electronically through the Settlement Website that meets the requirements of the Preliminary Approval Order.  Settlement Class Members who do not submit a timely and valid Claim Form by the Claims Deadline will not be entitled to receive the Settlement Consideration available to Claimants under Section III.A of this Agreement.

2.     The Opt-Outs, i.e. the persons who request exclusion from the Settlement Class, will not be entitled to receive the Settlement Consideration available to Claimants under Section III.A of this Agreement even if they submit a timely and otherwise valid Claim Form.

3.     The Settlement Administrator shall maintain the Settlement Website through which Settlement Class Members may submit Claim Forms to receive the Settlement Consideration by electronic completion of a Claim Form substantially in the form attached hereto as **Exhibit E**.

4.     A Settlement Class Member who wishes to receive Settlement Consideration must submit a timely and valid executed Claim Form to the Settlement Administrator by the Claims Deadline.

5.     No Settlement Class Member may assign or delegate to any individual or entity the right to receive Settlement Consideration or to submit a Claim Form on behalf of the Class Member.  If a Settlement Class Member nonetheless purports to assign or delegate such right and an otherwise valid Claim Form is timely submitted on behalf of that Settlement Class Member, the Settlement Administrator shall pay any Settlement Consideration directly to the Settlement Class Member and not to the Settlement Class Member's designated assignee or delegate, notwithstanding the terms of any assignment or delegation.  This provision is intended to foreclose assignments or delegations entered into solely for purposes of submitting a Claim Form in this Settlement.  Nothing herein shall preclude a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Settlement Class Member from receiving the Settlement Consideration or submitting a Claim Form on behalf of a Settlement Class Member.

6.     Each Settlement Class Member who submits a Claim Form thereby submits to the jurisdiction of the United States District Court for the Middle District of Florida

with respect to the claims submitted and shall (subject to final approval of the proposed Settlement) be bound by all the terms and provisions of the Agreement.

      D.     Objections

         1.     Any Settlement Class Member who wishes to object to the Settlement (including the requested award of attorneys' fees, costs, and expenses to Class Counsel or incentive payments to the Class Representatives) must timely file with the Court and timely serve on Class Counsel and RTG's Counsel (at the addresses in paragraph IV.D.5 below) a written statement of objection (an "Objection") that shall reference the case number (No. 8:17-cv-2166).

         2.     Each Objection must (a) state the Settlement Class Member's full name, current address, and telephone number; (b) include the unique individual identification number contained on the Class Notice sent to the Settlement Class Member; (c) contain the Settlement Class Member's original signature (conformed, reproduced, facsimile, or other non-original signatures will not be valid, nor is the signature of an attorney for the Settlement Class Member sufficient); (d) state that the Settlement Class Member objects to the Settlement, in whole or in part; (e) set forth a statement of the legal and factual basis for the objection; (f) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (g) identify by name, address and bar number any attorney who represents the Settlement Class Member with respect to the Objection or who assisted or advised the Settlement Class Member in any way with respect to the Objection; (h) list by case name and civil action number all class action settlements to which the Settlement Class Member or any attorney that meets the description of subsection (g) shall have objected in the last five years, and (i) attach a copy of any orders relating to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each case. In addition, if the objecting Settlement Class Member is represented by an attorney who intends to seek fees, costs, or expenses from anyone other than the objectors he or she represents, the objection must also include (i) a description of the attorney's legal background and prior experience in connection with class action litigation; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; (v) the

attorney's hourly rate; and (vi) any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between the objecting Settlement Class Member and his or her counsel and any other person or entity. Any attorney who represents the Settlement Class Member with respect to the Objection or who assisted or advised the Settlement Class Member in any way with respect to the Objection thereby submits to the jurisdiction of the United States District Court for the Middle District of Florida with respect to that Objection.

5.    Any Objection must be postmarked or deposited with the overnight delivery service or hand delivered by the Objection Deadline, to each of the following:

| Clerk of Court | Clerk of Court<br>United States District Court for the Middle<br>District of Florida, Tampa Division<br>801 North Florida Avenue<br>Tampa, FL 33602<br>Re:   *Bulgajewski Class Action*, Case No. 8:17-cv-2166 |
|---|---|
| Class Counsel | Marc R. Edelman<br>MORGAN & MORGAN<br>One Tampa City Center<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Re:   *Bulgajewski Class Action*, Case No. 8:17-cv-2166 |
| RTG's Counsel | Robert T. Quackenboss<br>HUNTON & WILLIAMS LLP<br>2200 Pennsylvania Ave., NW<br>Washington, DC 20037<br>Re:   *Bulgajewski Class Action*, Case No. 8:17-cv-2166 |

6.    Counsel for any party may take the deposition of any objecting Settlement Class Member prior to the Fairness Hearing, subject to the procedures and protections of Fed. R. Civ. P. 26 and 30.

7.    Any Settlement Class Member who does not timely file and serve a written Objection that meets all of the requirements of paragraphs IV.D.1- D.5 above shall be deemed to have waived any objection to the Settlement (including the requested award of attorneys' fees, costs, and expenses to Class Counsel or incentive payments to the Class Representatives), and shall be bound by the terms of the Settlement Agreement, the Preliminary

Approval Order, and by all proceedings, orders, and judgments, including, but not limited to, the release in this Agreement if final judgment is entered.

8.     Any Settlement Class Member who files and serves a timely written objection pursuant to paragraphs IV.D.1-D.5 above and complies with the requirements of this paragraph may also appear at the Fairness Hearing either in person or through counsel retained at the Settlement Class Member's expense.  Settlement Class Members and their attorneys, if applicable, intending to appear at the Fairness Hearing must serve on Class Counsel and RTG's Counsel, and file with the Clerk of Court, at the addresses specified above in paragraph IV.D.5 of this Order, no later than 15 days prior to the Fairness Hearing, a notice of intention to appear, setting forth (a) the case number; (b) the name, address, and telephone number of the Settlement Class Member; (c) if applicable, the name, address, and telephone number of the Settlement Class Member's attorney; (d) whether the Settlement Class Member intends to offer his or her testimony at the Fairness Hearing; and (e) the identity of any other person whose testimony the Settlement Class Member intends to offer at the Fairness Hearing.

9.     Any Settlement Class Member who fails to comply with the procedures set forth in the Preliminary Approval Order shall not be permitted to appear at the Fairness Hearing.  No Settlement Class Member shall be permitted to raise matters at the Fairness Hearing that the Settlement Class Member could have raised in an Objection, but failed to raise.

10.    Counsel for the parties will promptly furnish each other with copies of any and all objections or written requests for exclusion that might come into their possession.

11.    Any motions by Settlement Class Members to intervene in this action must be filed within 60 days after the Notice Date.

12.    Any objections, statements or other submissions by any person noticed pursuant to 28 U.S.C. § 1715 (or claiming an entitlement to have been noticed pursuant to 28 U.S.C. § 1715) shall be filed by the deadlines and in accordance with the procedures and requirements that apply to Settlement Class Member objections.  Likewise, any notice of appearance by any person noticed pursuant to 28 U.S.C. § 1715 (or claiming an entitlement to have been noticed pursuant to 28 U.S.C. § 1715) shall be filed by the deadlines and in accordance with the procedures and requirements that apply to notices of appearance by Settlement Class Members.

## V.    ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES

A.    Plaintiff and RTG acknowledge that attorneys' fees and reimbursement of costs and expenses for Class Counsel are subject to the Court's approval and determination. RTG agrees not to oppose, and Class Counsel agrees that it shall submit, an application by Class Counsel for attorney's fees, costs, and expenses in an amount not to exceed One Hundred Seventy- Thousand Dollars ($170,000). Class Counsel further agrees that, notwithstanding any award of fees, costs, and expenses by the Court in an amount higher than $170,000, Class Counsel will not enforce nor attempt to enforce such an award to the extent it exceeds the $170,000 agreed to herein. For avoidance of doubt, if (1) the Court awards less than $170,000 or (2) any appellate court subsequently reduces the amount awarded, that will not affect the Settlement or increase the Settlement Consideration available to the Settlement Class Members.

B.    RTG agrees not to oppose an application by the Named Plaintiff for an incentive award of $3,500, and the Named Plaintiff and Class Counsel agree not to apply for an incentive award in excess of $3,500 for the Named Plaintiff. The Named Plaintiff and Class Counsel further agree that, notwithstanding any incentive award by the Court in an amount higher than $3,500 to the Named Plaintiff, the Named Plaintiff and Class Counsel will not enforce nor attempt to enforce such an incentive award to the extent it exceeds $3,500 for the Named Plaintiff. RTG shall have the right to review and approve all briefs, motions and memoranda submitted by Class Counsel in support of Plaintiff's motions for (i) approval of a fee and expense award and (ii) an incentive award for the Named Plaintiff.

C.    Within fourteen (14) days after the Effective Date, RTG shall deliver to Marc R. Edelman a wire payable to Morgan & Morgan, P.A., at wiring instructions to be provided in writing no later than the Effective Date, in the total amount actually awarded by the Court as attorneys' fees, costs, and expenses and incentive award (but not to exceed $170,000 attorney's fees, costs, and expenses or $3,500 for the Named Plaintiff's incentive award).

D.    Class Counsel shall file any motion for an award of attorney's fees, costs, and expenses or for an incentive award to the Named Plaintiff no later than 30 days before the Final Fairness Hearing. In no event shall RTG be required by Order of the Court to pay more than the $170,000 in total agreed herein as the maximum for Class Counsel's fees, costs, and expenses (inclusive of any interest) set forth herein or the $3,500.00 agreed herein as the maximum incentive award for the Named Plaintiff (inclusive of any interest). Should the Court by Order

14

require RTG to pay larger amounts, RTG shall have the right, but not the obligation, to cancel this Agreement, terminate the Settlement, and proceed as if the Settlement had never been executed, and this Agreement shall be null and void as provided in Section VII.B, below.

E.    Settlement Class Members shall not be responsible for paying any part of the agreed fees, costs, expenses, or incentive awards described in this Agreement.

F.    Other than the attorneys' fees, costs, and expenses explicitly provided for above, the Named Plaintiff, the Settlement Class and its individual Members, RTG, and any of their counsel shall bear their own attorneys' fees, costs, and expenses associated with the Action and this Agreement.

## VI.    FINAL APPROVAL PROCEDURES AND FAIRNESS HEARING

A.    Plaintiff's motion for preliminary approval of the Settlement will include a request to the Court for a scheduled date on which the Fairness Hearing will occur.

B.    No later than 14 days prior to the Fairness Hearing, Class Counsel and RTG, if applicable, must file any additional memoranda or materials regarding settlement approval or Class Counsel's motion for an award of attorneys' fees, costs, and expenses or for an incentive award to the Class Representatives.

C.    The parties acknowledge that the Court may adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement website.

## VII.    CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION OF THIS AGREEMENT

A.    The parties agree that no party shall conduct discovery against any of the others pending the preliminary approval of the Settlement by the Court, and that all proceedings in the Action shall remain stayed until further order of the Court, except such proceedings as may be necessary either to implement this Agreement or to comply with or effectuate the terms of this Agreement.

B.    In the event that any of the events or conditions described in Section I.A.9(a)-(e) either are not met or do not occur, this entire Agreement shall become null and void, except that the parties shall have the option to agree mutually in writing to waive the event or condition and

proceed with this Settlement, in which event the Effective Date shall be deemed to have occurred on the date of said written agreement.

C.     If any of the events or conditions described in Section I.A.9(a)-(e) either are not met or do not occur (and the events or conditions are not mutually waived in writing), or the Settlement is terminated for any reason, the parties and the Action shall be restored to the status they occupied as of the date Plaintiff files her motion for preliminary approval, and nothing stated in this Agreement, or in any exhibits to this Agreement, or any documents filed in conjunction with the proposed approval of the Settlement, or any Court orders regarding the Settlement, shall be deemed an admission of any kind by any of the parties or used as evidence against, or over the objection of, any of the parties for any purpose in this Action or in any other action.  In particular, but without limitation, RTG will retain the right to contest whether this case should be maintained as a class action and to contest the merits of the claims being asserted by Plaintiff.

D.     RTG shall have the right to terminate the Settlement by serving on Class Counsel and filing with the Court a notice of termination within 14 days after its receipt from the Settlement Administrator of the final report specified in paragraph IV.B.5 hereof, if the number of Settlement Class Members who timely request exclusion from the Settlement Class equals or exceeds five percent of the Settlement Class.

## VIII.  DISMISSAL OF ACTION AND RELEASE

A.     In accordance with the schedule set by the Court, Class Counsel will promptly take all necessary steps to secure the Court's approval of this Settlement, including the entry of Preliminary Approval, certification of the Settlement Class, the entry of the Final Approval and Judgment in the form of **Exhibit B** attached hereto, and the subsequent dismissal of the Action, with prejudice, as to Settlement Class Members who do not submit timely and valid requests for exclusion.

B.     Upon the Court's final approval of this Agreement and the Settlement set forth herein, the Final Approval and Judgment shall be entered.

C.     In consideration of the aforementioned payments and obligations undertaken by RTG, and save and except only those obligations created or arising from this Agreement or the Final Approval and Judgment, upon the entry of the Final Approval and Judgment and the occurrence of the Effective Date, the Class Representatives, Settlement Class Members, and

Releasing Persons and all of their successors in interest shall be deemed to release and forever discharge the Released Persons from the Released Claims, and stipulate and agree that they shall be permanently enjoined and forever barred from commencing, prosecuting, asserting, or assisting in any proceeding against any Released Person involving the Released Claims in any court or other forum.

D.      The parties agree that they may hereafter discover facts in addition to or different from those they believe to be true with respect to the subject matter of this Agreement.  Each party agrees that, notwithstanding the discovery of the existence of any such additional or different facts that, if known, would materially affect her, his, or its decision to enter into this Agreement, the releases given herein shall be and remain in effect as a full, final, and complete release of the Released Claims, and that no party shall be entitled to modify or set aside this Agreement, either in whole or in part, by reason thereof.  The parties further agree that they have been informed of and waive the benefits of California Civil Code section 1542 (and any and all other similar state statutes regarding the effectiveness of general releases), which reads as follows:

> **A general release does not extend to claims, which the creditor does not know or expect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

## IX.    MISCELLANEOUS PROVISIONS

A.      The parties and their undersigned counsel agree to undertake commercially reasonable efforts and to offer their reasonable cooperation to effectuate this Agreement and the terms of the Settlement set forth herein, including taking all steps and efforts contemplated by this Agreement and any other steps and efforts which may become reasonably necessary by order of the Court or otherwise; provided, however, that no party shall be obligated to change any term of this Settlement.

B.      This Agreement, together with its attachments (along with the letter mentioned in paragraph VII.D), contains the entire agreement among the parties and supersedes any prior agreements or understandings (including any term sheets) between them.  All terms of this Agreement are contractual and not mere recitals and shall be construed as if drafted by all parties hereto.

C.      In entering into this Agreement, RTG does not admit to any wrongdoing of any kind, and expressly denies wrongdoing of any kind whatsoever, and has entered into this Agreement and agreed to the terms solely to avoid the risk, expense, inconvenience, distraction, and burden of further litigation.

D.      This Agreement may be amended or modified only by a written instrument signed by counsel for all parties.  Amendments and modifications may be made without additional notice to the Settlement Class unless such notice is required by the Court.

E.      This Agreement shall be subject to, governed by, construed, and enforced pursuant to the laws of the State of Florida.

F.      The exhibits to this Agreement are an integral part of the Settlement and are hereby incorporated and made a part of this Agreement.

G.      This Agreement shall be binding upon, and inure to the benefit of, each of the Releasing Persons and the Released Persons, and each of their successors, assigns, and legal representatives.

H.      Notwithstanding whether they are parties to this Agreement, all of the Released Persons shall be deemed third party beneficiaries of this Agreement.

I.      Except as agreed to herein, the parties to this Agreement shall bear their own attorneys' fees, expenses, and costs, including in connection with finalizing this Settlement, obtaining Court approval of the same, and proceedings subsequent to the same.

J.      To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted in breach of or contrary to this Agreement.  Under no circumstance shall this Agreement be asserted as a defense to, or be used as the basis for an injunction against, any action, suit, or other proceeding pursuant to 15 U.S.C. § 1681b(b)(3) or equivalent state law claim.

K.      This Agreement, whether or not executed and consummated, and any communications exchanged or actions taken pursuant to or during the negotiation of this Agreement, are for settlement purposes only.  Neither the fact of nor the contents of this Agreement or its exhibits, nor any communications exchanged nor actions taken pursuant to or during the negotiation of this Agreement, shall constitute or be construed as admissible evidence of the validity of any claim asserted or fact alleged in the Complaint or of any wrongdoing, fault,

violation of law, or liability of any kind on the part of the Released Persons. This Agreement is made without prejudice to the rights of RTG to oppose certification of a class or classes should this Agreement not be approved or implemented or should the Effective Date not occur.

L.  This Agreement shall be deemed to have been executed upon the Agreement Execution Date.

M.  The parties warrant and represent that no claim or any portion of any claim referenced or released in this Agreement has been sold, assigned, conveyed, or otherwise transferred to any other Person.

N.  This Agreement may be executed in counterparts, each of which shall constitute an original. This Agreement may be executed by facsimile or email signatures, each of which shall be deemed to be an original.

O.  Within sixty (60) days following the Effective Date, any person that has received Confidential Information or Highly Confidential Information as defined by Stipulated Protective Order shall return, delete or destroy all such information, including copies, abstracts, and summaries of such information, and shall certify to the return or destruction as applicable, including the return or destruction of all Confidential or Highly Confidential Information provided to non-parties as permitted in the Stipulated Protective Order. The Stipulated Protective Order will survive the termination of this Action pursuant to its terms.

P.  RTG shall have the right to review and comment in advance upon the content of plaintiff's motion for preliminary approval, for final approval, and for approval of the payment of attorneys' fees, costs, and expenses and class representative awards, as well as any amended pleadings filed by Plaintiff.

Q.  RTG shall not pay and shall not be liable to pay or withhold any state, federal or other taxes owed by Class Counsel or any Named Plaintiff, Settlement Class Member or Claimant.

R.  Other than the settlement notices agreed to by the parties and approved by the Court as set forth in sections IV.A.1-4 above, neither Plaintiff nor her counsel, nor either of their agents or representatives, shall make any public statement or website posting regarding the Settlement that identifies RTG. The prohibitions in this section include, without limitation, statements published or caused to be published through any media, including social media or the

Internet, and any communications with the media or the general public. Class Counsel however may publish the result of the settlement without directly or indirectly identifying RTG.

      S.     The signatories hereto warrant that they are authorized to enter into this Agreement on behalf of the entities below.

**PLAINTIFF:**

DATED: _MAY 31_, 2018

_____
CHARLOTTE BULGAJEWSKI

**RTG:**

DATED: _5/25_, 2018      R.T.G. Furniture Corp.

                           By: _____

                           Its: _VP/Legal_

DATED: _5/15_, 2018      RTG Furniture Corp. of Georgia

                           By: _____

                           Its: _VP/Legal_

1663322.1

DATED: _5/25_, 2018          RTG Furniture of Texas, L.P.

By: _____

Its: _____

DATED: _5/25_, 2018          Rooms To Go North Carolina Corp.

By: _____

Its: _____

DATED: _5/25_, 2018          Rooms To Go Louisiana Corp.

By: _____

Its: _____

DATED: _5/25_, 2018          Rooms To Go Alabama Corp.

By: _____

Its: _____

1663322.1

DATED: _____ 5/25 _____, 2018         Rooms To Go Mississippi Corp.

By: _____

Its: _____ VP/Legal _____

DATED: _____ 5/25 _____, 2018         Rooms To Go Tennessee Corp.

By: _____

Its: _____ VP/Legal _____

DATED: _____ 5/25 _____, 2018         Roomstogo.com, Inc.

By: _____

Its: _____ VP/Legal _____

DATED: _____ 5/25 _____, 2018         Retail Management Services Corp.

By: _____

Its: _____ VP/Legal _____

1663322.1

**COUNSEL:**

DATED: _May 31_, 2018          MORGAN & MORGAN P.A.

By: _____

DATED: _May 25_, 2018          HUNTON ANDREWS KURTH LLP

By: _____

DATED: _May 25_, 2018          BONDURANT, MIXSON & ELMORE LLP

By: _____

1663322.1

**EXHIBIT A**
**Order Preliminarily Approving Class Settlement**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLOTTE BULGAJEWSKI, on behalf of herself
and on behalf of all others similarly situated,

     Plaintiffs,

v.

R.T.G. FURNITURE CORPORATION,

     Defendant.

CASE NO. 8:17-cv-2166-SDM-AAS

## [PROPOSED] ORDER

The plaintiff's unopposed motion (Doc. __) for preliminary approval of the proposed settlement agreement in this action; conditional certification of a class solely for settlement purposes; appointment of plaintiff's counsel as class counsel; appointment of plaintiff as class representative; approval of the proposed notice of the settlement and notice procedures; scheduling of a fairness hearing; and approval of deadlines and procedures for filing claims, opting out, objecting, and filing a motion for an award of attorneys' fees, expenses, and an incentive award is **GRANTED**.

### I. Preliminary Approval of the Settlement

1. Based on a review of the motion for preliminary approval and all other papers submitted in connection with the motion, the Court finds it has jurisdiction over this action. The settlement memorialized in the Settlement Agreement (Doc. _____) is preliminarily approved. For purposes of preliminary approval, the Court finds the proposed settlement fair, reasonable, and adequate.

2. The proposed settlement is within the range of possible final settlement approval, and the proposed notice to the class is adequate.

3. The settlement is the result of good-faith, arm's-length negotiation by attorneys well-versed in the prosecution of Fair Credit Reporting Act actions.

## II. Conditional Certification of the Proposed Rule 23 Settlement Class

4. For settlement purposes only, the Settlement Class consists of all persons as to whom RTG (including its affiliates) procured a background check, including a consumer report, in conjunction with an application for employment, promotion, or job change between August 16, 2015 and January 31, 2018.

5. For settlement purposes only, the Settlement Class meets the requirements for class certification under Rules 23(a) and (b)(3), Federal Rules of Civil Procedure. The identities of the approximately 10,771 members of the Settlement Class can be ascertained from records available to RTG.

6. For settlement purposes only, the Settlement Class satisfies Rule 23(a)(1) because the joinder of approximately 10,771 class members is impracticable.

7. For settlement purposes only, the Settlement Class satisfies Rule 23(a)(2) because the class members' claims share common questions of fact and law.

8. For settlement purposes only, the Settlement Class satisfies Rule 23(a)(3) because the plaintiff's claims and those of the class arise out of the same practice and are based on the same legal theories.

9. For settlement purposes only, Rule 23(a)(4) is satisfied because no conflict of interest exists between the plaintiff and the Settlement Class, and the plaintiff has retained competent counsel to represent her and the Settlement Class. Plaintiff's counsel, Marc R. Edelman, C. Ryan Morgan, and Andrew R. Frisch of Morgan & Morgan, regularly engage in FCRA lawsuits and other litigation similar to this action and have dedicated substantial resources to the prosecution

of this action.   Further, plaintiff and plaintiff's counsel have adequately represented the Settlement Class members' interests in this action.

10. For settlement purposes only, Rule 23(b)(3) is satisfied because common legal and factual issues predominate over individualized issues.   Resolution of the common issues for the members of the Settlement Class in a single, coordinated proceeding is superior to individual lawsuits addressing the same legal and factual issues.

### III. Appointment of Class Counsel and Class Representative

11. Under Rule 23(g) and for settlement purposes only, Marc R. Edelman, C. Ryan Morgan, and Andrew R. Frisch are appointed as Class Counsel for the Settlement Class.

12.   Class Counsel performed substantial work identifying, investigating, prosecuting, and settling plaintiff's and the settlement class members' claims and have knowledge of the applicable law.

13. Charlotte Bulgajewski is appointed as Class Representative.

### IV. Notice

14. The proposed notice of settlement (Notice), which is attached as Exhibit C to the Settlement Agreement, is approved and must be sent via mail.  The Question and Answer Notice that will be posted on the settlement website, which is attached as Exhibit D to the Settlement Agreement, is also approved.   Further, the notice procedures set forth in Section IV of the Settlement Agreement are approved.

15. The content of the Notice complies with due process and Rule 23(c)(2)(B).

### V. Class Action Settlement Procedures

16.   The Court approves the procedures for opting out (requesting exclusion), objecting, and submitting claim forms set forth in Section IV of the Settlement Agreement.

17. The Court further orders that:

a. **Notice.**  No later than 30 days after entry of this Order (the "Notice Date"), the Settlement Administrator must mail the Notice and establish the Settlement Website, including the Question and Answer Notice, in accordance with the Settlement Agreement.

b. **Fee and Incentive Award Motion.**  No later than 30 days before the Final Fairness Fearing, Plaintiff must file a motion for attorneys' fees, expenses, and an incentive award.

c. **Objections.**  The deadline for filing and serving objections to the Settlement shall be sixty days after the Notice Date.  Settlement Class Members who do not file an objection that meets all of the requirements set forth below and in the Settlement Agreement waive any objection to the Settlement.  Objections must be filed with the Court, served on Class Counsel and RTG's Counsel (at the addresses below), reference this lawsuit and:

(i)     state the objector's full name, current address, and telephone number;

(ii)    include the Claim Number listed on the Notice sent to the objector;

(iii)   contain the objector's original signature;

(iv)    state that the objector objects to the Settlement, in whole or in part;

(v)     state the legal and factual basis for the objection;

(vi)    attach copies of any documents that the objector wants the Court to consider in support of the objection;

(vii)   identify by name, address, and bar number any attorney who represents the objector with respect to the objection or who assisted or advised the objector in any way with respect to the objection;

(viii)  list by case name and civil action number all class action settlements to which the objector (or any attorney that meets the description of subsection vii immediately above) have objected within the last five years; and

(ix)    attach a copy of any orders relating to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each case;

(x)     if the objector is represented in the objection by an attorney who intends to seek fees and expenses from anyone other than the objector, include (a) a description of the attorney's legal background and prior experience in connection with class action litigation; (b) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (c) a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (d) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; (e) the attorney's hourly rate; and (f) any and all agreements that relate to the objection

or the process of objecting, whether written or verbal, between the objecting Settlement Class Member and his or her counsel and any other person or entity;

(xi)    be postmarked or deposited with an overnight delivery service or hand delivered no later than sixty days after the Notice Date; and

(xii)    be sent to <u>each</u> of the following:

| | |
|---|---|
| Clerk of Court | Clerk of Court<br><br>United States District Court, Middle District of Florida, Tampa Division<br><br>Sam M. Gibbons U.S. Courthouse<br><br>801 North Florida Avenue<br><br>Tampa, Florida 33602<br><br>Re:    *Bulgajewski Class Action,* No. 8:17-CV-2166 |
| Class Counsel | Marc R. Edelman<br>MORGAN & MORGAN<br>One Tampa City Center<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Re:    *Bulgajewski Class Action,* No. 8:17-CV-2166-T-23AAS |
| RTG's Counsel | Robert T. Quackenboss<br><br>HUNTON ANDREWS KURTH LLP<br><br>2200 Pennsylvania Avenue, NW<br><br>Washington, D.C., 20037<br><br>Re:    *Bulgajewski Class Action,* No. 8:17-CV-2166-T-23AAS |

d. **Opt Outs (Exclusions)**.   Opt out (exclusion) requests must be postmarked and sent by U.S. mail to the Settlement Administrator at *Bulgajewski v. R.T.G. Furniture Corp.*, Settlement Administrator, **[ADDRESS]** no later than sixty days after the Notice Date. Settlement Class Members who do not file opt out (exclusion) requests that meet all of the requirements set forth below and in the Settlement Agreement shall be bound by the Settlement.  Opt out (exclusion) requests must contain:

(i)     the requestor's name;
(ii)    the requestor's physical address;
(iii)   the requestor's phone number;
(iv)    the requestor's Claim Number (included on the Notice sent to the requestor);
(v)     the following statement: "I hereby request to be excluded from the Settlement in *Bulgajewski v. R.T.G. Furniture Corp.*, Case No.: 8:17-cv-2166, and understand that I will not be entitled to receive any proceeds from the Settlement."; and
(vi)    the requestor's personal signature.

e. **Fairness Hearing**. The final Fairness Hearing is scheduled for **[DATE]**, at **[TIME]** at the United States District Court for the Middle District of Florida, 801 North Florida Avenue, Tampa, Florida 33602, in Courtroom 15A before Judge Steven D. Merryday. No later than 14 days before the final fairness hearing, Plaintiffs must file a motion for final approval of the settlement.

SO ORDERED, this _____ day of _____, 2018

                                        _____
                                        **STEVEN D. MERRYDAY**
                                        **UNITED STATES DISTRICT JUDGE**

**EXHIBIT B**
Order of Final Approval and Judgment

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLOTTE BULGAJEWSKI, on behalf of herself
and on behalf of all others similarly situated,

      Plaintiffs,

v.                                                CASE NO. 8:17-cv-2166-SDM-AAS

R.T.G. FURNITURE CORPORATION,

      Defendant.

## ORDER OF FINAL APPROVAL AND JUDGMENT

Plaintiff has moved for final approval of the parties' proposed settlement, pursuant to Fed. R. Civ. P. 23. RTG consents to the relief sought in plaintiff's motion. Having reviewed all matters and proceedings of record, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    This Order of Final Approval and Judgment incorporates herein and makes a part hereof, the parties' Settlement Agreement, including all exhibits thereto [D.E. _____]. Unless otherwise provided herein, the terms as defined in the Settlement Agreement shall have the same meanings for purposes of this Final Order and Judgment.

2.    The Court has personal jurisdiction over the Class Representative, Settlement Class Members, and RTG for purposes of this settlement, and has subject matter jurisdiction to approve the Agreement.

3.    By Order of _____, the Court certified the following Settlement Class:

> All persons who all persons as to whom RTG (including its affiliates) procured a background check, including a consumer report, in conjunction with an application for employment, promotion, or job change between August 16, 2015 and January 31, 2018.

The Settlement Class does not include any judges to whom this case is assigned, any member of the judge's immediate family, or the judge's staff or their immediate families.

4.    The Court hereby confirms its preliminary certification of this Settlement Class for purposes of granting final approval to the parties' settlement, finding that this class meets each of the factors in Fed. R. Civ. P. 23(a) and (b)(3).

5.    The record shows that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the terms of the Agreement, and Settlement Class Members' rights to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and Fed. R. Civ. P. 23.

6.    The only persons who timely excluded themselves from the Settlement Class in compliance with the Court's Preliminary Approval Order are those on the list filed under seal on this docket by Class Counsel.   This Order of Final Approval and Judgment shall have no force or effect on those persons.

7.    Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated within the time required by 28 U.S.C. § 1715, and that ninety (90) days has passed without comment or objection from any governmental entity.

8.    The Court preliminarily approved the proposed settlement by Order dated _____ [D.E. ___]. On _____, after Class Notice, the Court conducted a final Fairness

Hearing at which it considered any and all objections, along with the materials submitted by the parties in support of settlement approval.

9.     The Court finds that the designated Class Representative is an appropriate and adequate representative of the Settlement Class. The Court has also considered all of the factors enumerated in Fed. R. Civ. P. 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

10.     Pursuant to Fed. R. Civ. P. 23(e) and having considered the factors relevant to settlement approval,[1] the Court hereby finally **APPROVES** in all respects the Settlement set forth in the Settlement Agreement and finds that the Settlement and the Settlement Agreement are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class. The objections to the Settlement have been considered and are hereby **OVERRULED**.

11.     The parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Agreement.

12.     Upon the Effective Date of the Agreement, the Class Representative, Class Counsel, the Settlement Class, and each Settlement Class Member, shall release and forever discharge the Released Persons (as defined in the Agreement)[2] from any and all Released Claims (as defined in the Agreement).[3]

---

[1] *See, e.g., Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

[2] "Released Persons" means and includes R.T.G. Furniture Corp.; RTG Furniture Corp. of Georgia; RTG Furniture of Texas, L.P.; Rooms To Go North Carolina Corp.; Rooms To Go Louisiana Corp.; Rooms To Go Alabama Corp.; Rooms To Go Mississippi Corp.; Rooms To Go Tennessee Corp.; Roomstogo.com, Inc.; Retail Management Services Corp., and their past and present direct and indirect owners, parents, subsidiaries, affiliates, and divisions; the past and present officers, directors, trustees, beneficiaries, members, shareholders, employees, representatives, partners, direct and indirect owners, parents, subsidiaries, affiliates, divisions, joint venturers, consultants, agents, independent contractors, attorneys, and insurers of all of the foregoing; and the predecessors, successors, assigns, and legal representatives of all of the foregoing.

[3] "Released Claims" means and includes any and all claims, damages, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses, losses, or remedies of whatever kind or nature,

13.    After the Effective Date, the Class Representative, Settlement Class Members, and Releasing Persons and all of their successors in interest are hereby permanently enjoined and forever barred from commencing, prosecuting, asserting or assisting in any proceeding in any court or other forum against any Released Person with respect to all matters within the scope of the Released Claims.

14.    The Court further adjudges that upon the Effective Date, the Settlement Agreement, including the releases in that Agreement and described above, will be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, the Class Representative and each Settlement Class Member who did not submit a timely and valid request for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, attorneys, or other representatives. Any of the Released Persons may file this Final Order of Judgment in any action or proceeding that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

---

whether foreseen or unforeseen, and whether known or unknown, that were or could have been asserted in the Action including, without limitation, claims based on, arising out of, or related directly or indirectly to any of the allegations, transactions, facts, matters or occurrences referenced in any complaints filed in the Action, including without limitation any and all claims (i) under the Fair Credit Reporting Act or any similar state or federal law or any common law doctrine protecting consumer information or privacy (ii) arising from any application for employment or any background check or consumer report obtained for employment purposes by RTG and its affiliates during the Class Period. The Released Claims include any right or opportunity to claim, seek, or obtain restitution, disgorgement, injunctive relief, or any other benefit. However, "Released Claims" do not include any claims pursuant to 15 U.S.C. § 1681b(b)(3) of the Fair Credit Reporting Act, requiring individuals subject to an adverse employment action, based in whole, or in part, on their consumer report, be provided a copy of the consumer report and a summary of their rights under the FCRA.

15.    Without affecting the finality of this Final Order of Judgment in any way, the Court retains exclusive jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement has been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and the Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement, including the injunction set forth above, and resolving all disputes arising from claims for payment under the Settlement.

16.    Nothing in this Order of Final Approval and Judgment, the Settlement, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by defendant or any Released Person.

17.    For the reasons stated herein, Plaintiffs' Motion for Final Approval of Class Action Settlement is **GRANTED**.  The Court directs the Clerk of Court to **DENY AS MOOT** any pending motions and enter this **FINAL JUDGMENT** incorporating the terms of this Order and dismissing this action **WITH PREJUDICE**.

DONE  and  ORDERED  in  Chambers  at  Tampa,  Florida,  this  _____  day  of
_____, 2018.


_____
STEVEN D. MERRYDAY
United States District Judge

5

**EXHIBIT C**
**Class Notice**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

### A federal court authorized this Notice and Website

### Notice of Class Action and Settlement *in*

### *Bulgajewski v. R.T.G. Furniture Corp., Civil Action No. 8:17-CV-2166 (M.D. Fla.)*

A proposed class action Settlement has been reached in this lawsuit. In this lawsuit, a job applicant (the "Class Representative") alleged that R.T.G. Furniture Corp., its affiliates and related entities (the companies that are parties to this Settlement are listed below and collectively referred to as "RTG" herein) procured background checks on applicants without providing them a stand-alone disclosure document in violation of 15 U.S.C. 1681b(b)(2)(A)(i)-(ii) of the Fair Credit Reporting Act ("FCRA"). For that reason, it is alleged that the background checks were not properly authorized. RTG denies these allegations, and the Court has not ruled for either side. Instead, the parties have agreed to settle the lawsuit to avoid the expense, disruption and delay of further litigation.

If you received a postcard notice addressed to you regarding a proposed Settlement in this lawsuit, then records show that you applied for a position at RTG between August 16, 2015 and January 31, 2018, and that you are a member of the class whose rights and options may be affected by this Settlement. The class is referred to as the "Settlement Class" and the members referred to as "Settlement Class Members."

The purpose of this Notice and website is to inform you of this lawsuit, the proposed Settlement and your rights and options, and to alert you that the Court will hold a Fairness Hearing to consider this Settlement and related matters on **[DATE]**, at **[TIME]** at the Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Courtroom ___, Tampa, Florida 33602. The Court may reschedule the Fairness Hearing and related deadlines without further written notice other than as posted on this website. If the Court alters any of those dates or times, the revised dates and times shall be posted on this website.

Your rights and options are summarized in the chart below. For more information, please see the remainder of this Notice, which is organized by the topics listed in the table of contents. Your rights are affected whether you act or do not act, so read this Notice carefully.

| YOUR KEY LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **SUBMIT A CLAIM BY [DATE]** | If you submit a timely and valid claim, and the Settlement is approved and becomes final, you will receive **$55.00**. You must submit a Claim Form through the Settlement website by **[DATE]**. Submitting a Claim Form through the Settlement website is the only way to receive a benefit from the Settlement. **If you do not submit a claim form, you will not receive any money.** |
| **ASK TO BE EXCLUDED BY [DATE]** | If you ask to be excluded from the Settlement and follow the required procedures, then you will not receive any benefit from this Settlement. However, you will maintain the right to bring a lawsuit at your expense for legal claims that were or could have been brought in this lawsuit. The procedures required to exclude yourself are explained below. |
| **OBJECT BY [DATE]** | You may write to the Court explaining why you dislike any part of the Settlement, including the proposed award of fees and expenses to the attorneys representing the Settlement Class. In order to object, you must remain a member of the Settlement Class, which means that you cannot ask to be excluded. The |

| | procedures required to object are explained below. |
|---|---|
| **DO NOTHING** | If you do nothing, you will remain a member of the Settlement Class and release the legal claims described in this Notice, including all claims relating to whether, between August 16, 2015 and January 31, 2018, RTG procured consumer reports on job applicants without making lawful disclosures and without proper authorization pursuant to the FCRA. You will give up any rights to sue RTG for claims that were or could have been brought in this lawsuit, but you will not release or give up any claims you may have under 15 U.S.C. § 1681b(b)(3) of the Fair Credit Reporting Act, requiring individuals subject to an adverse employment action, based in whole, or in part, on their consumer report, be provided a copy of the consumer report and a summary of their rights under the FCRA. . **If you do not submit a Claim Form, you also will not receive any money.** |

## CONTENTS

**BASIC INFORMATION**.................................................................................................................3
1.      What is the purpose of this Notice and Website?
2.      What is a class action lawsuit and who is involved?
3.      What is this class action lawsuit about?
4.      Why is there a Settlement?

**WHO IS IN THE SETTLEMENT?** ...............................................................................................3
5.      Am I part of this Class?

**SETTLEMENT BENEFITS — WHAT YOU GET** ......................................................................4
6.      What benefits can Class Members receive from the Settlement?
7.      How can I find out how much I could receive in a check or Merchandise Voucher from the Settlement?
8.      What is the "Class Period?"
9.      How do I claim the Settlement benefits?
10.     What is the deadline to submit a Claim Form?
11.     What if I don't submit a fully completed Claim Form by the deadline?
12.     Can someone else sign my Claim Form or claim my Settlement benefit for me?
13.     When will I get my Settlement benefit?
14.     What do I give up to stay in the Settlement Class?
15.     Does this release include unknown claims?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................................................7
16.     How do I exclude myself from this Settlement and the Settlement Class?
17.     Where do I mail an exclusion request?
18.     What is the deadline to mail an exclusion request?
19.     Is there any other way to exclude myself from the Settlement Class and Settlement?
20.     If I exclude myself, can I still get benefits from this Settlement?

**THE LAWYERS REPRESENTING YOU** .....................................................................................8
21.     Do I have a lawyer in this case?
22.     Can I get my own lawyer or intervene in the case?
23.     How will the lawyers representing the Settlement Class be paid, and will there be incentive payments to the Class Representatives?

**OBJECTING TO THE SETTLEMENT** .........................................................................................9
24.     How do I tell the Court if I do not like the Settlement?
25.     Where do I send my objection?
26.     What is the deadline for objecting?
27.     What if my objection doesn't meet all of the requirements described in this Notice?
28.     What happens after I object?
29.     What is the difference between objecting and excluding myself from the Settlement?

**FAIRNESS HEARING**.................................................................................................................11
30.     When and where will the Court decide whether to approve the Settlement?
31.     Do I have to come to the hearing?
32.     May I speak at the hearing?
33.     How do I notify the Court if I intend to speak at the hearing?
34.     Where do I send the notice that I intend to speak at the hearing?
35.     What is the deadline for sending a notice that I intend to speak at the hearing?

**IF YOU DO NOTHING** ..............................................................................................................12

36.     What happens if I do nothing at all?

**ADDITIONAL INFORMATION**................................................................................................12
37.     How do I get additional information?

## BASIC INFORMATION

**1.    What is the purpose of this Notice and Website?**

There is a class action lawsuit pending in the United States District Court for the Middle District of Florida known as *Bulgajewski v. R.T.G. Furniture Corp.*, Civil Action No. 8:17-CV-2166. The judge overseeing this case authorized this Notice. If you are a Settlement Class Member, you have various options before the Court decides whether to approve the proposed Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, the available Settlement benefits, who is eligible for them, and how to get them.

**2.    What is a class action lawsuit?**

In a class action lawsuit, one or more persons called "Class Representatives" sue on behalf of other people who have similar claims. All of these people together are called a "Class" or "Class Members." The lawyers who represent the Class are called "Class Counsel." In a class action lawsuit, all factual questions and legal issues are resolved together for everyone in the Class, except for those people who choose to exclude themselves from the Class.

**3.    What is this class action lawsuit about?**

In this lawsuit, the Class Representative alleged that RTG procured background checks on job applicants using a disclosure form that she contends is not in the format required by the Fair Credit Reporting Act. For that reason, she contends that those background checks were not properly authorized. RTG denies that it violated the law and has asserted defenses to the Class Representative's claims. The Class Representative's Amended Class Action Complaint and Defendant's Answer are posted on this website.

**4.    Why is there a Settlement?**

RTG denies the Class Representative's allegations, and the Court did not decide in favor of any party. Instead, both sides agreed to settle to avoid the costs, delay, and disruption of continued litigation, and in order to provide certainty and benefits to the people affected. After a full investigation, the Class Representative and Class Counsel believe the Settlement is fair and reasonable.

## WHO IS IN THE SETTLEMENT?

**5.    Am I part of this Class?**

The Court has certified a Settlement Class consisting of all persons as to whom RTG (including its affiliates) procured a background check, including a consumer report, in conjunction with an application for employment, promotion, or job change within the Class Period of August 16, 2015 through January 31, 2018. The Settlement Class does not include any judge to whom this case is assigned, any member of the judge's immediate family, or the judge's staff or their immediate families.

Using records available to RTG, the parties have identified persons who applied for a position at RTG between August 16, 2015 and January 31, 2018. If you received a postcard notification of this Settlement addressed to you, then you are probably a member of the Settlement Class. In order to submit a valid Claim Form and receive Settlement benefits, as described below, you will have to verify that you applied for a position at RTG between August 16, 2015 and January 31, 2018.

**6.    Who are the parties to this Settlement?**

The parties to this Settlement are the Class Representative and the Settlement Class Members, on the one hand, and R.T.G. Furniture Corp., RTG Furniture Corp. of Georgia, RTG Furniture of Texas, L.P., Rooms To Go North Carolina Corp., Rooms To Go Louisiana Corp., Rooms To Go Alabama Corp., Rooms To Go Mississippi Corp., Rooms To Go Tennessee Corp., Roomstogo.com, Inc., and Retail Management Services Corp. ("RTG"), on the other. These companies are separate legal entities, and they are referred to as "RTG" herein solely for convenience.

## SETTLEMENT BENEFITS — WHAT YOU GET

**7.    What benefits can Settlement Class Members receive from the Settlement?**

You will receive a check for **$55.00** if the Court approves the Settlement and it becomes final and you are a Settlement Class Member who submits a timely and valid Claim Form.

**8.    How do I claim the Settlement benefit?**

To claim a benefit under the Settlement, you must complete a Claim Form electronically through the Settlement website by **[DATE]**. There is no charge to submit a Claim Form, and you will not be asked for personal information other than confirming or updating your name, address and telephone number. You will also have to verify that you applied for a position at RTG between August 16, 2015 and January 31, 2018.

**To complete and submit a Claim Form online, click here**.

**9.    What is the deadline to submit a Claim Form?**

**[DATE]**.

**10.    What if I don't submit a fully completed Claim Form by the deadline?**

If you fail to submit a fully completed Claim Form by the required deadline, you will not receive any Settlement benefit. However, you will still be bound by the Settlement terms and release of liability unless you exclude yourself from the Settlement (see Item __).

**11.    Can someone else sign my Claim Form or claim my Settlement benefit for me?**

No. You may not assign or delegate to any individual or entity the right to receive a benefit under the Settlement or to submit a Claim Form on your behalf. However, if there is someone such as a trustee, guardian, or other person acting under a general power of attorney who was already authorized by law to represent you generally in your financial matters, that person may sign and submit a Claim Form on your behalf.

**12.    When will I get my Settlement benefit?**

The Court will hold a Fairness Hearing on **[DATE]** to decide whether to approve the Settlement as fair, reasonable, and adequate (See Item __ below). If the Court approves the Settlement, there may still be appeals that delay the conclusion of the case. Checks will be mailed within 45 days after all such issues and appeals have been resolved and the Court's judgment becomes final. Resolving all appeals can take time, so please be patient. You must deposit or cash your check within the period stated on the check; otherwise, it will be void.

**13.    What do I give up to stay in the Settlement Class?**

Unless you exclude yourself (see Item __ below), you will be part of the Settlement Class. That means that, if the Settlement is approved and becomes final, the Court's orders approving the Settlement and the judgment in this lawsuit will apply to and legally bind you and the Settlement Class. In that case, you will release the following **Released Claims** against all of the **Released Persons** listed below:

The **Released Claims** are: any and all claims, damages, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses, losses, or remedies of whatever kind or nature, whether foreseen or unforeseen, and whether known or unknown, that were or could have been asserted in the Action including, without limitation, claims based on, arising out of, or related directly or indirectly to any of the allegations, transactions, facts, matters or occurrences referenced in any complaints filed in the Action, including without limitation any and all claims (i) under the Fair Credit Reporting Act or any similar state or federal law or any common law doctrine protecting consumer information or privacy (ii) arising from any application for employment or any background check or consumer report obtained for employment purposes by RTG and its affiliates during the Class Period. The Released Claims include any right or opportunity to claim, seek, or obtain restitution, disgorgement, injunctive relief, or any other benefit. However, "Released Claims" do not include any claims pursuant to 15 U.S.C. § 1681b(b)(3) of the Fair Credit Reporting Act, requiring individuals subject to an adverse employment action, based in whole, or in part, on their consumer report, be provided a copy of the consumer report and a summary of their rights under the FCRA.

The **Released Persons** are: R.T.G. Furniture Corp., RTG Furniture Corp. of Georgia; RTG Furniture of Texas, L.P.; Rooms To Go North Carolina Corp.; Rooms To Go Louisiana Corp.; Rooms To Go Alabama Corp.; Rooms To Go Mississippi Corp.; Rooms To Go Tennessee Corp.; Roomstogo.com, Inc.; Retail Management Services Corp., and their past and present direct and indirect owners, parents, subsidiaries, affiliates, and divisions; the past and present officers, directors, trustees, beneficiaries, members, shareholders, employees, representatives, partners, direct and indirect owners, parents, subsidiaries, affiliates, divisions, joint venturers, consultants, agents, independent contractors, attorneys, and insurers of all of the foregoing; and the predecessors, successors, assigns, and legal representatives of all of the foregoing.

**14.    Does this release include unknown claims?**

Yes. If you do not exclude yourself from this Settlement, you are releasing any claims that fall within the definition of "Released Claims" (see Item __ above) even if you do not know about those claims. California Civil Code § 1542 reads as follows:

> **"A general release does not extend to claims, which the creditor does not know or expect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Unless you exclude yourself from the Settlement, you give up the protections of this law and any and all other similar state statutes limiting the effect of general releases.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**15.    How do I exclude myself from this Settlement and the Settlement Class?**

To exclude yourself from the Settlement and the Settlement Class, you must send a letter by U.S. mail containing all of the following:

(a)   your name;

(b)   your physical address;

(c)   a phone number;

(d)   the Claim Number included on the postcard notice sent to you regarding this Settlement;

(e)   the following statement: "I hereby request to be excluded from the Settlement in *Bulgajewski v. R.T.G. Furniture Corporation*, Case No.: 8:17-cv-2166, and understand that I will not be entitled to receive any proceeds from the Settlement."; and

(f)   your personal signature (reproduced, facsimile, conformed, or other non-original signatures are not valid).

**16.   Where do I mail an exclusion request?**

You must mail your exclusion request to the Settlement Administrator at:

*Bulgajewski v. R.T.G. Furniture Corp.* Settlement Administrator

**[ADDRESS]**

**17.   What is the deadline to mail an exclusion request?**

To be honored and valid, an exclusion request **must be postmarked no later than [DATE]**. Requests for exclusion from the Settlement Class that are not postmarked on or before that date will not be honored.

**18.   Is there any other way to exclude myself from the Settlement and Settlement Class?**

No. You cannot exclude yourself by telephone or email. You cannot exclude yourself by mailing a request to any other location or after the deadline. You cannot exclude yourself by having an actual or purported agent or attorney acting on behalf of you or a group of Settlement Class Members sign the letter. You must personally sign the letter to be excluded from the Class.

**19.   If I exclude myself, can I still get benefits from this Settlement?**

No. If you exclude yourself from the Settlement, you will not get any money from this Settlement. If you exclude yourself, you should not submit a Claim Form. If you exclude yourself and still submit a Claim Form, your Claim Form will not be accepted for payment and you will not receive any money from the Settlement.

## THE LAWYERS REPRESENTING YOU

**20.   Do I have a lawyer in this case?**

Yes. The Court has decided preliminarily that the following lawyers will represent you and all Settlement Class Members. Together these lawyers are called "Class Counsel." They are experienced in handling class action cases.

Marc R. Edelman

medelman@forthepeople.com
**MORGAN & MORGAN**
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

C. Ryan Morgan
rmorgan@forthepeople.com
**MORGAN & MORGAN**
P.O. Box 4979
Orlando, FL 33802
Telephone: (407) 420-1414

Andrew Frisch
afrisch@forthepeople.com
**MORGAN & MORGAN**
600 North Pine Island Road, Suite 400
Plantation, Florida 33324
Telephone: (954) 318-0268

**21.    Can I get my own lawyer or intervene in the case?**

Yes.  If you want your own lawyer, you may hire one at your own expense to enter an appearance on your behalf.  However, you do not have to hire a lawyer to submit a Claim Form, object to the Settlement, speak at the Fairness Hearing or exclude yourself from the Settlement Class.  This Notice describes how to do each of these things.  If you want to intervene in the case and become a party, you must file a motion with the Court by **[DATE]**.

**22.    How will the lawyers representing the Settlement Class be paid, and will there be incentive payments to the Class Representatives?**

To date, Class Counsel has not received any attorneys' fees or reimbursement for any of the expenses associated with this lawsuit since it was filed.  Subject to the Court's approval, RTG will pay all reasonable attorneys' fees, costs, and expenses, in an amount to be determined by the Court.  Class Counsel has agreed their request for attorneys' fees and costs will not exceed $170,000. Charlotte Bulgajewski may also ask the Court for a service award of up to $3,500. These attorneys' fees, costs, expenses and service award payments will be over and above the $55 paid to each class member.  Consequently, these awards will not reduce the recovery to you and other members of the Settlement Class.

Any fees, costs, expenses or incentive awards requested by Class Counsel must be approved by the Court. Class Counsel's motion for fees and expenses and for the award of an incentive payment to the Class Representative will be on file with the Court and posted on this Settlement website by **[DATE – 30 Days before Final Fairness Hearing]**.

## OBJECTING TO THE SETTLEMENT

**23.    How do I tell the Court if I do not like the Settlement?**

If you are a Settlement Class Member <u>and</u> you do not exclude yourself, you can object to any part of the Settlement that you do not like, including the requested award of attorneys' fees and expenses to Class Counsel or the incentive payment to the Class Representative (see Item __).

To object, you must file with the Court and serve on Class Counsel and RTG's Counsel (at the addresses below) a written objection referencing this lawsuit (*Bulgajewski Class Action,* No. 8:17-CV-2166). Your objection must:

(a)   state your full name, current address, and telephone number;

(b)   include the Claim Number listed on the postcard notice sent to you regarding this Settlement;

(c)   contain your original signature (conformed, reproduced, facsimile, or other non-original signatures will not be valid, nor is the signature of an attorney sufficient);

(d)   state that you object to the Settlement, in whole or in part;

(e)   state the legal and factual basis for your objection;

(f)   attach copies of any documents that you want the Court to consider in support of your objection;

(g)   identify by name, address, and bar number any attorney who represents you with respect to the objection or who assisted or advised you in any way with respect to the objection;

(h)   list by case name and civil action number all class action settlements to which you (or any attorney that meets the description of subsection (g) immediately above) have objected within the last five years; and

(i)   attach a copy of any orders relating to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each case.

In addition, if you are represented in your objection by an attorney who intends to seek fees and expenses from anyone other than you, your objection must also include (i) a description of the attorney's legal background and prior experience in connection with class action litigation; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; (v) the attorney's hourly rate; and (vi) any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between the objecting Settlement Class Member and his or her counsel and any other person or entity.

## 24.   Where do I send my objection?

You must send your objection to <u>each</u> of the following:

| | |
|---|---|
| Clerk of Court | Clerk of Court<br>United States District Court, Middle District of Florida, Tampa Division<br>Sam M. Gibbons U.S. Courthouse<br>801 North Florida Avenue<br>Tampa, Florida 33602<br>Re:   *Bulgajewski Class Action,* No. 8:17-CV-2166 |

| Class Counsel | Marc R. Edelman<br>MORGAN & MORGAN<br>One Tampa City Center<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Re:   *Bulgajewski Class Action,* No. 8:17-CV-2166-T-23AAS |
|---|---|
| RTG's Counsel | Robert T. Quackenboss<br>HUNTON & WILLIAMS LLP<br>2200 Pennsylvania Avenue, NW<br>Washington, D.C., 20037<br>Re:   *Bulgajewski Class Action,* No. 8:17-CV-2166-T-23AAS |

**25.   What is the deadline for objecting?**

To be considered by the Court, an objection must be postmarked or deposited with an overnight delivery service or hand delivered **no later than [DATE]**.

**26.   What if my objection doesn't meet all of the requirements described in this Notice?**

If you file an objection that does not meet all of the requirements described in this Notice, you will waive any objection to the Settlement (including the requested award of attorneys' fees, costs, and expenses to Class Counsel and the incentive payment to the Class Representatives), and you will be bound by all the terms of the Settlement and by all proceedings, orders, and judgments, including, but not limited to, the release in the Settlement Agreement if the Settlement is approved and becomes final.

**27.   What happens after I object?**

If you object in accordance with the required procedures, the Court will consider your objection in deciding whether to approve the Settlement.

If you object, then Class Counsel or Counsel for RTG may take your testimony under oath before the Fairness Hearing by a deposition at an agreed-upon location. They may also seek from you any documentary evidence or other tangible things that are relevant to your objection.

**28.   What is the difference between objecting and excluding myself from the Settlement?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class; by excluding yourself you will not receive any benefit from the Settlement or release any claims. If you exclude yourself, you have no basis to object because the case no longer affects you.

## FAIRNESS HEARING

**29.   When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at **[TIME AND DATE]** at the Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Courtroom ____, Tampa, Florida 33602. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are properly raised objections, the Court will consider them. The Court will listen to people who have asked to speak at the

hearing through the procedures set forth in Item __ below. After or during the hearing, the Court will decide whether to approve the Settlement and whether to approve the requested attorneys' fees, costs, expenses and incentive award. We do not know how long it will take the Court to make its decision.

<u>The Court may reschedule the Fairness Hearing and related deadlines without further written notice other than as posted on this website.  If the Court alters any of those dates or times, the revised dates and times shall be posted on this website.</u>

**30.   Do I have to come to the hearing?**

No. Class Counsel will answer questions the Court may have, but you may attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you send and file your written objection on time and in accordance with the requirements set forth in Items __ above, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**31.   May I speak at the hearing?**

If you do not exclude yourself, you may ask the Court's permission to speak at the hearing about the proposed Settlement or the requests for attorneys' fees, costs, expenses, and incentive awards. To speak, you must have filed a timely written objection that meets all of the requirements described in Items _____ above. You must also send the Court a notice that you intend to appear and speak at the hearing.

**32.   How do I notify the Court if I intend to speak at the hearing?**

You must file with the Court and serve on Class Counsel and RTG's Counsel (at the addresses in Item __ below) a notice of intent to appear. Your notice must reference this lawsuit (*Bulgajewski Class Action,* No. 8:17-CV-2166) and contain all of the following information:

(a)     your name, address, and telephone number;

(b)     the name, address, and telephone number of any attorney representing you in connection with this Settlement;

(c)     whether you plan to testify at the Fairness Hearing; and

(d)     the identity of any other person whose testimony you plan to present at the Fairness Hearing.

**33.   Where do I send the notice that I intend to speak at the hearing?**

You must send your notice to each of the following:

| | |
|---|---|
| Clerk of Court | Clerk of Court<br>United States District Court, Middle District of Florida, Tampa Division<br>Sam M. Gibbons U.S. Courthouse<br>801 North Florida Avenue<br>Tampa, Florida 33602<br>Re:   *Bulgajewski Class Action,* No. 8:17-CV-2166 |
| Class Counsel | Marc R. Edelman<br>MORGAN & MORGAN<br>One Tampa City Center<br>201 N. Franklin Street, 7th Floor |

| | Tampa, FL 33602<br>Re:    *Bulgajewski Class Action,* No. 8:17-CV-2166-T-23AAS |
|---|---|
| RTG's Counsel | Robert T. Quackenboss<br>HUNTON & WILLIAMS LLP<br>2200 Pennsylvania Avenue, NW<br>Washington, D.C., 20037<br>Re:    *Bulgajewski Class Action,* No. 8:17-CV-2166-T-23AAS |

**34.    What is the deadline for sending a notice that I intend to speak at the hearing?**

Your notice must be postmarked or deposited with an overnight delivery service or hand delivered to each of the addresses above by **[DATE]**.

**IF YOU DO NOTHING**

**35.    What happens if I do nothing at all?**

If you do nothing, you will remain a member of the Settlement Class, and you will be bound by the terms of the Settlement and release of claims, but you will get no payment from this Settlement.

**ADDITIONAL INFORMATION**

**36.    How do I get additional information?**

This Settlement website contains a copy of the full Settlement Agreement, a number of documents that have been filed with the Court (including the Amended Class Action Complaint, Answer, motions for preliminary and final approval of the Settlement, and motion for attorneys' fees, expenses, and incentive award), the Claim Form and other information about the litigation and the Settlement. You may also call the Settlement Administrator toll-free at 1-###-###-#### or call Class Counsel or write to them at the addresses in Item __ above.

**DO NOT CONTACT THE COURT OR THE CLERK OR ROOMS TO GO OR ITS LAWYERS.**

Dated: _____

Issued and authorized by:                            (JUDGE)
                                                     United States District Judge
                                                     United States District Court, Middle District of Florida

# EXHIBIT D
## Settlement Website Notice

*Bulgajewski v. R.T.G. Furniture Corp.*
Settlement Administrator

[ADDRESS]

Your Claim Identification Number is:
«ClaimID»

«Barcode»
Postal Service: Please do not mark barcode

Claim#: «ClaimID»-«MailRec»
«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St» «Zip»
«Country»

---

*A federal court authorized this Notice.*

**If you applied for a job or were employed with Rooms To Go or affiliated companies and were the subject of a background check for employment purposes between August 16, 2015 and January 31, 2018, you may be eligible for a $55 payment from a class action settlement.**

*Bulgajewski v. R.T.G. Furniture Corp.,*

Civil Action No. 8:17-CV-2166
(U.S. District Court, (Middle District of Florida)

**Why did I get this notice?** A class action settlement has been reached in a lawsuit alleging that R.T.G. Furniture Corp. and its affiliates procured background checks on job applicants using a disclosure form that the plaintiff contends was not in the format required by the Fair Credit Reporting Act and that those checks were therefore not properly authorized. The companies that are parties to the settlement use the name Rooms To Go, are listed on the website below, and are referred to herein as "RTG."

RTG denies the plaintiff's allegations, and the Court has not decided who is right. Instead, the parties have agreed to settle to avoid the expense and delay of litigation. The Court will hold a hearing on **[DATE]** to decide whether to approve the settlement and what fees and payments to award to the lawyers and the plaintiff who filed the lawsuit.

If this notice is addressed to you, records show that you applied for a position at RTG and are part of the class, which is defined as all persons as to whom RTG (including its affiliates) procured a background check, specifically a consumer report, in conjunction with an application for employment, promotion, or job change between August 16, 2015 and January 31, 2018.

**What can I get from the settlement?** If the settlement is approved and becomes final and you submit a timely and valid Claim Form, you will receive **$55.00**.

**How do I make a claim?** Go to the website below, click on the "Claim Form" link, and enter the required information, including the Claim Number on the front of this postcard. There is no charge to submit a Claim Form, and you will not be asked for personal information other than confirming or updating your name, address and telephone number. **To be valid, Claim Forms must be fully completed and submitted through the settlement website by [DATE]**.

**What are my other options?** If you do nothing, you will be bound by the settlement and will release all claims that were or could have been brought in this lawsuit, other than claims arising from any alleged failure to provide you with proper pre-adverse action notice, a copy of your consumer report (background check) and summary of your rights before an adverse action was taken based in part on a background check. If you don't want to be bound and don't want to provide a release, you may ask the Court to exclude you from the class. The Court will exclude you if you mail a request for exclusion to the settlement administrator (at the address on the front of this card) by **[DATE]** that contains your name, physical address, phone number, original signature, the Claim Number on the front of this card, and the statement, "I hereby request to be excluded from the settlement in *Bulgajewski v. RTG Furniture Corp.*, Case No.: 8:17-cv-2166, and understand that I will not be entitled to receive any proceeds from the settlement." If you don't exclude yourself, you may object to any part of the settlement by **[DATE]**. You may enter an appearance in the case through an attorney if you desire. The website below contains details regarding the required procedures for excluding yourself, objecting, and appearing.

**How do I get more information?** To obtain detailed information about the lawsuit or the settlement, go to the website www.rtgfrasettlement.com or call **[PHONE NUMBER]**.

**<u>EXHIBIT E</u>**
**Claim Form**

1663322.1

*Bulgajewski v. R.T.G. Furniture Corp.* Settlement Administrator

*Bulgajewski. v. R.T.G. Furniture Corp.* U.S. DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA
Civil Action No. 8:17-CV-2166

# Claim Form & Instructions

If the Settlement is approved and becomes final and you are a Settlement Class Member who submits a valid and timely Claim Form, you are entitled to **$55.00**.

1. For full information about the Settlement, go to www.rtgfcrasettlement.com, call toll-free at 1-###-###-####, or contact:

   Marc R. Edelman
   Morgan & Morgan
   One Tampa City Center
   201 N. Franklin St., 7th Floor
   Tampa, FL 33602
   (813) 223-5505
   medelman@forthepeople.com

2. Complete all blanks on the Form. Your claim will not be valid if your Form is incomplete.

3. To submit a valid Claim Form, you must have a Claim Number. Your Claim Number is on the postcard that was sent to notify you about the Settlement.

4. Your Claim Form must be submitted online by **[DATE]**.

5. To submit a Claim Form, you must verify, under oath and subject to penalty of perjury, that all of the information you provide is true to the best of your knowledge.

6. Checks will be mailed to those who have submitted timely and valid Claim Forms within 45 days after the Settlement is approved and becomes final.

## TO BE COMPLETED BY THE CLAIMANT

### I.  Claimant Information

First Name                                    M.I.    Last Name

Mailing Address

City                                          State    Zip Code

Telephone Number

Your Claim Number (found on the postcard sent to notify you about the Settlement)

## II.  Verifications by Claimant

By submitting this claim, I am verifying, under oath and subject to penalty of perjury, that each of the following statements is true:

- All of the information that I have provided on this Claim Form is true.

- I am the person to whom the postcard notice of settlement bearing the Claim Number that I filled in above was directed.

- I applied for a position with one of the companies that is a party to this Settlement, (the companies are listed in the notice posted at www.rtgfcrasettlement.com and referred to as "RTG") between August 16, 2015 and January 31, 2018.

- I have not transferred or assigned my rights to receive any benefits under this Settlement to any other person, company or legal entity.

- I understand that I am releasing legal claims against RTG and that a full description of those released claims appears in the notice posted at www.rtgfcrasettlement.com.  I have reviewed or had an opportunity to review the full description of those released claims.

## III. <u>Verifications by Authorized Representative of Claimant (if Applicable)</u>

If you are a trustee, guardian, or person acting under a general power of attorney who was already authorized by law to represent the Settlement Class Member generally in his or her financial matters, then you may verify the statements above and sign this Claim Form on behalf of Settlement Class Member. By submitting this Claim Form you represent, under oath and subject to penalty of perjury, that you are authorized by law to submit this Claim Form on behalf of the Settlement Class Member identified in this Claim Form.

State your legal capacity to sign for the Claimant

Your address and telephone number