# EXHIBIT "B"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CHARLOTTE BULGAJEWSKI, on behalf of herself and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>R.T.G. FURNITURE CORPORATION,<br><br>      Defendant. | CASE NO. 8:17-cv-2166-SDM-AAS |

### [PROPOSED] ORDER

The plaintiff's unopposed motion (Doc. __) for preliminary approval of the proposed settlement agreement in this action; conditional certification of a class solely for settlement purposes; appointment of plaintiff's counsel as class counsel; appointment of plaintiff as class representative; approval of the proposed notice of the settlement and notice procedures; scheduling of a fairness hearing; and approval of deadlines and procedures for filing claims, opting out, objecting, and filing a motion for an award of attorneys' fees, expenses, and an incentive award is **GRANTED**.

**I. Preliminary Approval of the Settlement**

1. Based on a review of the motion for preliminary approval and all other papers submitted in connection with the motion, the Court finds it has jurisdiction over this action. The settlement memorialized in the Settlement Agreement (Doc. _____) is preliminarily approved. For purposes of preliminary approval, the Court finds the proposed settlement fair, reasonable, and adequate.

2. The proposed settlement is within the range of possible final settlement approval, and the proposed notice to the class is adequate.

3. The settlement is the result of good-faith, arm's-length negotiation by attorneys well-versed in the prosecution of Fair Credit Reporting Act actions.

## II. Conditional Certification of the Proposed Rule 23 Settlement Class

4. For settlement purposes only, the Settlement Class consists of all persons as to whom RTG (including its affiliates) procured a background check, including a consumer report, in conjunction with an application for employment, promotion, or job change between August 16, 2015 and January 31, 2018.

5. For settlement purposes only, the Settlement Class meets the requirements for class certification under Rules 23(a) and (b)(3), Federal Rules of Civil Procedure. The identities of the approximately 10,771 members of the Settlement Class can be ascertained from records available to RTG.

6. For settlement purposes only, the Settlement Class satisfies Rule 23(a)(1) because the joinder of approximately 10,771 class members is impracticable.

7. For settlement purposes only, the Settlement Class satisfies Rule 23(a)(2) because the class members' claims share common questions of fact and law.

8. For settlement purposes only, the Settlement Class satisfies Rule 23(a)(3) because the plaintiff's claims and those of the class arise out of the same practice and are based on the same legal theories.

9. For settlement purposes only, Rule 23(a)(4) is satisfied because no conflict of interest exists between the plaintiff and the Settlement Class, and the plaintiff has retained competent counsel to represent her and the Settlement Class. Plaintiff's counsel, Marc R. Edelman, C. Ryan Morgan, and Andrew R. Frisch of Morgan & Morgan, regularly engage in FCRA lawsuits and other litigation similar to this action and have dedicated substantial resources to the prosecution

of this action. Further, plaintiff and plaintiff's counsel have adequately represented the Settlement Class members' interests in this action.

10. For settlement purposes only, Rule 23(b)(3) is satisfied because common legal and factual issues predominate over individualized issues. Resolution of the common issues for the members of the Settlement Class in a single, coordinated proceeding is superior to individual lawsuits addressing the same legal and factual issues.

### III. Appointment of Class Counsel and Class Representative

11. Under Rule 23(g) and for settlement purposes only, Marc R. Edelman, C. Ryan Morgan, and Andrew R. Frisch are appointed as Class Counsel for the Settlement Class.

12. Class Counsel performed substantial work identifying, investigating, prosecuting, and settling plaintiff's and the settlement class members' claims and have knowledge of the applicable law.

13. Charlotte Bulgajewski is appointed as Class Representative.

### IV. Notice

14. The proposed notice of settlement (Notice), which is attached as Exhibit C to the Settlement Agreement, is approved and must be sent via mail. The Question and Answer Notice that will be posted on the settlement website, which is attached as Exhibit D to the Settlement Agreement, is also approved. Further, the notice procedures set forth in Section IV of the Settlement Agreement are approved.

15. The content of the Notice complies with due process and Rule 23(c)(2)(B).

### V. Class Action Settlement Procedures

16. The Court approves the procedures for opting out (requesting exclusion), objecting, and submitting claim forms set forth in Section IV of the Settlement Agreement.

17. The Court further orders that:

a. **<u>Notice</u>.**  No later than 30 days after entry of this Order (the "Notice Date"), the Settlement Administrator must mail the Notice and establish the Settlement Website, including the Question and Answer Notice, in accordance with the Settlement Agreement.

b. **<u>Fee and Incentive Award Motion</u>.**  No later than 30 days before the Final Fairness Fearing, Plaintiff must file a motion for attorneys' fees, expenses, and an incentive award.

c. **<u>Objections</u>.**  The deadline for filing and serving objections to the Settlement shall be sixty days after the Notice Date.  Settlement Class Members who do not file an objection that meets all of the requirements set forth below and in the Settlement Agreement waive any objection to the Settlement.  Objections must be filed with the Court, served on Class Counsel and RTG's Counsel (at the addresses below), reference this lawsuit and:

    (i)      state the objector's full name, current address, and telephone number;
    (ii)     include the Claim Number listed on the Notice sent to the objector;
    (iii)    contain the objector's original signature;
    (iv)    state that the objector objects to the Settlement, in whole or in part;
    (v)     state the legal and factual basis for the objection;
    (vi)    attach copies of any documents that the objector wants the Court to consider in support of the objection;
    (vii)   identify by name, address, and bar number any attorney who represents the objector with respect to the objection or who assisted or advised the objector in any way with respect to the objection;
    (viii)  list by case name and civil action number all class action settlements to which the objector (or any attorney that meets the description of subsection vii immediately above) have objected within the last five years; and
    (ix)   attach a copy of any orders relating to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each case;
    (x)    if the objector is represented in the objection by an attorney who intends to seek fees and expenses from anyone other than the objector, include (a) a description of the attorney's legal background and prior experience in connection with class action litigation; (b) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (c) a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (d) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; (e) the attorney's hourly rate; and (f) any and all agreements that relate to the objection

4

        or the process of objecting, whether written or verbal, between the objecting Settlement Class Member and his or her counsel and any other person or entity;

(xi)    be postmarked or deposited with an overnight delivery service or hand delivered no later than sixty days after the Notice Date; and

(xii)    be sent to <u>each</u> of the following:

| | |
|---|---|
| Clerk of Court | Clerk of Court<br><br>United States District Court, Middle District of Florida, Tampa Division<br><br>Sam M. Gibbons U.S. Courthouse<br><br>801 North Florida Avenue<br><br>Tampa, Florida 33602<br><br>Re:   *Bulgajewski Class Action,* No. 8:17-CV-2166 |
| Class Counsel | Marc R. Edelman<br>MORGAN & MORGAN<br>One Tampa City Center<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Re:   *Bulgajewski Class Action,* No. 8:17-CV-2166-T-23AAS |
| RTG's Counsel | Robert T. Quackenboss<br><br>HUNTON ANDREWS KURTH LLP<br><br>2200 Pennsylvania Avenue, NW<br><br>Washington, D.C., 20037<br><br>Re:   *Bulgajewski Class Action,* No. 8:17-CV-2166-T-23AAS |

d.  **<u>Opt Outs (Exclusions)</u>**.  Opt out (exclusion) requests must be postmarked and sent by U.S. mail to the Settlement Administrator at *Bulgajewski v. R.T.G. Furniture Corp.*, Settlement Administrator, **[ADDRESS]** no later than sixty days after the Notice Date. Settlement Class Members who do not file opt out (exclusion) requests that meet all of the requirements set forth below and in the Settlement Agreement shall be bound by the Settlement.  Opt out (exclusion) requests must contain:

(i) the requestor's name;
(ii) the requestor's physical address;
(iii) the requestor's phone number;
(iv) the requestor's Claim Number (included on the Notice sent to the requestor);
(v) the following statement: "I hereby request to be excluded from the Settlement in *Bulgajewski v. R.T.G. Furniture Corp.*, Case No.: 8:17-cv-2166, and understand that I will not be entitled to receive any proceeds from the Settlement."; and
(vi) the requestor's personal signature.

e. **Fairness Hearing**.  The final Fairness Hearing is scheduled for **[DATE]**, at **[TIME]** at the United States District Court for the Middle District of Florida, 801 North Florida Avenue, Tampa, Florida 33602, in Courtroom 15A before Judge Steven D. Merryday.  No later than 14 days before the final fairness hearing, Plaintiffs must file a motion for final approval of the settlement.

SO ORDERED, this _____ day of _____, 2018

                                                              _____
                                                              **STEVEN D. MERRYDAY**
                                                              **UNITED STATES DISTRICT JUDGE**